UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>BILLY CANNON,   )<br>    Defendant.   ) | No. 11 CR 226<br>Judge Lynn Adelman |

## **SENTENCING MEMORANDA**

Now comes the defendant, BILLY CANNON, by and through his attorneys KENT R. CARLSON & ASSOCIATES P.C. and hereby submits the following factors for this Honorable Court's consideration in fashioning a sentence that is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

That BILLY CANNON respectfully asserts that a sentencing range of sixty three (63) to seventy eight (78) months incarceration in the Bureau of Prisons as recommended in the PSR and Addendum to the PSR or the fifty one (51) to sixty three (63) months taking into account the defense objection to the PSR, would be unreasonable and would result in a sentence that is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

At the outset BILLY CANNON wants this Honorable Court to understand that he offers the following matters for consideration in imposing a sentence that is sufficient but not greater than necessary, and that he is not offering them as an excuse for the conduct he has admitted and admitted were criminal. He offers them so this Honorable Court has some insight into whom he is, why he did what he did and so your honor can impose the individualized sentence that 3553 mandates.

A. BILLY CANNON knows that what he did was wrong. He knew it from the beginning. He immediately began cooperating with law enforcement. He timely entered a guilty plea. He debriefed several times.

B. Despite BILLY CANNON 'S cooperation, the United States Attorney's office may not move this Honorable Court for a downward departure for substantial assistance pursuant to U.S.S.G. 5K1.1.

C. BILLY CANNON did everything he could in terms of cooperating with law enforcement and despite the United States Attorney's office possibly not moving for a U.S.S.G. 5K1.1 downward departure for substantial assistance, this Honorable Court can and should consider BILLY CANNON'S cooperation under 18 U.S.C. 3553 in fashioning a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. 3553. *United States –v- Laufle,* 433 F.3d 981, 987 (7th Cir. 2006) ("Departures aside, the nature and degree of assistance to the government is of course a relevant sentencing factor"); *United States –v- Fernandez,* 443 F.3d 19, 33 (2nd Cir. 2006) ("The District Court should take under advisement … the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for downward departure pursuant to U.S.S.G. 5K1.1.")

D. That in the event that this Honorable Court denies BILLY CANNON'S objection to the three (2) level increase in the adjusted offense level pursuant to U.S.S.G. 3B1.1 for being an organizer, leader, manager or supervisor (PSI at

paragraph 45 BILLY CANNON asks this Honorable Court to consider under 18 U.S.C. 3553 all the arguments and factors set forth in that objection in arriving at a sentence that is sufficient but not greater than necessary.

E. That BILLY CANNON received three (3) criminal history points for his 2012 conviction and sentence for possession of a firearm by a felon and three (3) criminal history points for his 2014 conviction and sentence in 11 CF 924. (PSR at 64 and Addendum). That BILLY CANNON has appealed those convictions and sentences and those appeals are still pending. While these convictions are counted pursuant to U.S.S.G. 4A1.2(l) BILLY CANNON asks this Honorable Court to take into account that if these convictions or either of them are overturned, as he believes they will be, he will have been sentenced herein to a greater sentence than he would if the convictions, since overturned, were not counted. BILLY CANNON asks this Honorable Court to sentence him based without counting those convictions by using a criminal history category III rather than V.

F. That BILLY CANNON wants this Honorable Court to know that the arrests stated in paragraphs 72 and 73 were dismissed when he was charged with the offense set forth in paragraph 62.

G. BILLY CANNON has been detained on and off since he was arraigned in this case on November 17, 2011.

H. At that time BILLY CANNON was detained for having violated his supervised release in 07 CR 96 serving an eleven (11) month sentence. He was released on January 8, 2012, a total of forty nine (49) days since he was arraigned in

this case. BILLY CANNON received two (2) criminal history points in this case for that case and the revocation. (PSR at 63)

I. That BILLY CANNON was taken into state custody on April 11, 2012 for Possession of a firearm by a felon (he was acquitted of narcotics charges) in 09 CF 1337. He was sentenced to two (2) years in custody and was released on November 5, 2013 a total of five hundred forty three (543) days. BILLY CANNON received three (3) criminal history points in this case for that case. (PSR at 64)

J. That BILLY CANNON was again taken into state custody on February 14, 2014 after his conviction in 11 CF 924 and has remained in custody to this date, at total of one hundred thirty one (131) days. BILLY CANNON received three (3) criminal history points in this case for that case. (Addendum to PSR )

K. While detained in this case BILLY CANNON has been receiving credit against his federal revocation and state sentences. BILLY CANNON believes he should receive credit for all of his detention against his sentence herein.

L. The Bureau of Prisons cannot however give credit for any period of pre-sentence custody that has already been credited against another sentence. 18 U.S.C. 3585(b).

M. The Seventh Circuit has held that a court may adjust a sentence to take into account the time a defendant has served on an undischarged state term. *United States –v- Campbell,* 617 F.3d 958 (7th Cir. 2010).

N. Therefore BILLY CANNON respectfully requests this Honorable Court give him credit against his sentence herein for the time from: 1). November 17,

2011 thru January 8, 2012: 2). April 11, 2012 to November 12, 2013; and February 14, 2014 to date. The only way that this can be accomplished is by adjusting by his sentence by seven hundred twenty three (723) days – twenty four (24) months.

O. That BILLY CANNON asks this Honorable Court to impose the sentence herein concurrent to the unexpired term of his state court sentences.

P. . That BILLY CANNON is currently forty nine (49) years of age. It would be unlikely that BILLY CANNON would commit further crimes. Recidivism rates decrease with age. Younger prisoners are more likely to be rearrested than older ones. 80% of persons under 18 years of age were rearrested, as compared with only 45.3% of prisoners 45 years or older. Additionally, there is no support for the proposition that longer prison sentences provide a greater deterrent to repeat criminal activity.

Q. J. That the instant offense while serious, did not involve a weapon of any kind and involved no force, threatened use of force or violence of any kind.

R. That the most recent advisory from the Administrative Office of the United States Courts suggest a monthly cost of incarcerating an average defendant in the Bureau of Prisons is two thousand four hundred twelve dollars ($2,412.00) and two thousand two hundred forty four dollars ($2,244.00) in community confinement as opposed to two hundred seventy eight dollars ($278.00) on probation or supervised release.

That the aforementioned suggest that BILLY CANNON will not be a danger to the public and that it is extremely unlikely that she will ever commit another crime.

This is a very serious crime. No doubt about it. BILLY CANNON realizes it and has from the beginning. There must be consequences. There must be punishment. He knows it. There must however be as 3553 mandates just punishment, not just for the offense but for the individual.

It is respectfully submitted that in this case, for this crime, for this individual, a sentence sixty three (63) to seventy eight (78) months incarceration in the Bureau of Prisons as recommended in the PSR and Addendum to the PSR or the fifty one (51) to sixty three (63) months taking into account the defense objection to the PSR, would be unreasonable and would result in a sentence that is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

A sentence of far less than sixty three (63) to seventy eight (78) months incarceration in the Bureau of Prisons as recommended in the PSR and Addendum to the PSR or the fifty one (51) to sixty three (63) months taking into account the defense objection to the PSR, is sufficient but not greater than necessary in this case, for this individual. It is sufficient, in this case, to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense. It would also afford adequate deterrence to criminal conduct and would sufficiently protect the public from further crimes of the defendant.

For all the above and foregoing reasons, BILLY CANNON prays this Honorable Court enter an order sentencing him to a term of far less than the advisory guideline range.

Respectfully submitted,

s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net

## CERTIFICATE OF SERVICE

      The undersigned, hereby certifies that on June 17, 2014 the following document was filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following Assistant United States Attorney Lisa Wesley.

SENTENCING MEMORANDA

s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
Illinois State Bar No. 6187360
53 W. Jackson Blvd. - Suite 1544
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net